ISIDOR STRAUS et al., Composing the Firm of R. H. MACY & COMPANY, Appellants, *v.* AMERICAN PUBLISHERS' ASSOCIATION et al., Respondents.

1. PATENTS AND COPYRIGHTS INTENDED TO SECURE MONOPOLIES. The object of copyright and patent statutes is to give monopolies, and contracts made to secure the protection and enjoyment of such a monopoly are not condemned as being in restraint of trade.

2. DOCTRINE OF RES ADJUDICATA APPLIED. Declarations of the law pronounced by this court after due deliberation are conclusive in the action in which the decision was made; so *held*, where the question as to rights conferred by copyright statutes is still an open one in the United States Supreme Court. (Following *Straus* v. *American Publishers' Assn.*, 177 N. Y. 473; distinguishing *Bobbs-Merrill Co.* v. *Straus*, 210 U. S. 339.) *Straus* v. *American Publishers' Assn.*, 127 App. Div. 935, affirmed.

(Argued November 12, 1908; decided December 8, 1908.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 20, 1908, affirming an interlocutory judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action was brought to enjoin the defendants from acting under an agreement, alleged to be in unlawful restraint of trade, whereby they bound themselves to sell copyrighted and other books published by them only to booksellers who would agree to maintain a fixed retail price therefor for one year. Demurrers to the complaint were sustained at Special Term. Thereafter the judgment entered thereon was reversed by the Appellate Division and the demurrers overruled. On appeal, by permission to this court, the judgment of the Appellate Division was affirmed, but upon the sole ground that the agreement complained of related to uncopyrighted books as well as to copyrighted books. After a subsequent trial of the issues at Special Term, an interlocutory judgment was entered declaring the agreement unlawful so far as it related to uncopyrighted books and enjoining the defendants "from interfering in any manner whatsoever with the pur-

chase by the plaintiff of uncopyrighted books at wholesale or retail." The plaintiffs thereupon appealed to the Appellate Division from so much of the judgment as "refuses to grant to the plaintiffs an injunction restraining any interference with their purchase or sale of copyrighted books and fails or refuses to award * * * the damages suffered by the plaintiffs in the purchase or sale of copyrighted books since May 1, 1901." In that court the interlocutory judgment was affirmed on the authority of the previous decision of the Court of Appeals. Permission to appeal from the judgment of affirmance was thereafter granted and the following question certified : "Are the plaintiffs, under the findings of fact contained in the decision in this case, entitled, in so far as copyrighted books are concerned, to the relief demanded in the complaint, or to any relief as against the defendants in this case?"

*Edmond E. Wise* and *John G. Carlisle* for appellants. Whether the views of the judge writing the prevailing opinion in the former appeal be taken as an *obiter dictum,* or whether they express the views of the court, it is respectfully submitted that they are based upon an erroneous conception of the extent and character of the monopoly granted by the Federal copyright statutes, as interpreted by the United States courts, and that by reason of that fact the decision of this court "has ceased to be an authority." (*Sands* v. *State of New York,* 182 N. Y. 400; *Bobbs-Merrill Co.* v. *Straus,* 210 U. S. 339; *Stephens* v. *Cady,* 14 How. [U. S.] 528; *Stephens* v. *Gladding,* 58 U. S. 447; *A. T. Co.* v. *Werkmeister,* 207 U. S. 72; *Werkmeister* v. *A. L. Co.,* 134 Fed. Rep. 321; *Palmer* v. *De Witt,* 47 N. Y. 532; *J. M. Agency* v. *Jewelers' Pub. Co.,* 155 N. Y. 241; Drone on Copyright, 100; *Holmes* v. *Hurst,* 174 U. S. 182.)

*Stephen H. Olin* for respondents. The decision of this court in the suit at bar (177 N. Y. 473) has not been questioned, criticised or doubted, nor has its authority in any way been impaired, nor is it in any way inconsistent with the

decision of the United States Supreme Court in *Bobbs-Merrill Co.* v. *Straus* (210 U. S. 339). (*Murphy* v. *C. P. A. P. Co.*, 38 App. Div. 426; *Board of Trade* v. *C. G. & S. Co.*, 198 U. S. 236; *A. & N. Assn.* v. *O'Gorman Co.*, 147 Fed. Rep. 616; *Park & Sons Co.* v. *Hartman*, 153 Fed. Rep. 24; *Wells* v. *Abraham*, 146 Fed. Rep. 190; 149 Fed. Rep. 408; *N. P. Co., Ltd.*, v. *E. B. C. Co., Ltd.*, L. R. [1 Ch. Div. 1908] 335; *Parton* v. *Prang*, 3 Cliff. 587; *Littlefield* v. *Perry*, 21 Wall. 205; *Black* v. *H. G. Allen Co.*, 56 Fed. Rep. 764, 768; *Stevens* v. *Gladding*, 17 How. (U. S.) 447; *V. T. Machine Co.* v. *Fair*, 123 Fed. Rep. 424.) The decision of this court (177 N. Y. 473) is the law of this case, and will not be departed from. (*Oakley* v. *Aspinwall*, 13 N. Y. 500; *Mygatt* v. *Coe*, 147 N. Y. 456; *Hosack* v. *Rogers*, 25 Wend. 313; *Cluff* v. *Day*, 141 N. Y. 580; *Roberts* v. *Buckley*, 145 N. Y. 229.)

GRAY, J. I think this judgment should be affirmed and that we should adhere to our previous decision in this case. We should not, upon the present appeal, entertain the question of the correctness of the propositions decided; but we should take them as declarations of the law, pronounced by the court after due deliberation, and conclusive in the action. The question of the extent, to which the rights conferred by the copyright statutes may be protected by contract, is still an open one in the United States Supreme Court. The case of *Bobbs-Merrill Co.* v. *Straus*, (210 U. S. 339), differs in the important fact that there was no such contract, as was in question here. The claim for protection, there, rested upon a printed notice in the book fixing its price at retail.

The object of copyright and of patent statutes is to give monopolies and that contracts made by the owners of copyrights, to secure the fullest protection in the enjoyment of the monopoly, will not be condemned by the courts, for being in unlawful restraint of trade, we have decided. Until the United States Supreme Court has pronounced differently upon such an agreement concerning the future sales of copy-

righted books, as is now in question, our former decision stands as the law of the case; however it may be argued that in some other action the decision of the Federal tribunal warrants a different inference as to the interpretation to be given to the copyright statute.

WILLARD BARTLETT, J. (dissenting).   The grievance of the plaintiffs upon this appeal is that they have not been awarded all the relief to which they claim to be entitled.   The interlocutory judgment proceeds upon the theory that the agreements of the American Publishers' Association and the American Booksellers' Association, which have given rise to the controversy in this action, are unlawful only so far as they relate to uncopyrighted books; but are lawful so far as they relate to copyrighted books.   Such was the view of this court upon the previous appeal, when an order of the Appellate Division overruling a demurrer to the complaint was sustained. (*Straus* v. *American Publishers' Assn.*, 177 N. Y. 473.)

Upon that appeal the court, speaking through PARKER, Ch. J., held in substance that the agreements in question would have been free from legal objection if they had been intended to operate solely upon transactions in copyrighted publications.   They were condemned only because they affected " the right of a dealer to sell books not copyrighted at the price he chooses, or to sell at all, if he fails to comply with the rules of the association."   The two members of the court who then dissented upheld the validity of the agreements on the ground that they did not in their opinion really extend to uncopyrighted books.   (See dissenting opinion of GRAY, J., 177 N. Y. on p. 490.)   It is apparent, therefore, that all the judges who participated in the decision of the first appeal in this case agreed as to one point — that is, that there was something in the Federal copyright statutes which permitted a restraint of trade in copyrighted books that the law would not tolerate as applied to books not copyrighted.

This being the law of the case as laid down upon the first appeal we are bound upon well-recognized principles to

adhere to it upon any subsequent review of the controversy in any aspect, unless the doctrine of our previous decision has been adjudged to be erroneous by a tribunal of superior authority. In the great mass of litigations which are brought here for review this is the court of last resort. Our construction and interpretation of the law, however, is not final and conclusive in regard to the meaning, scope and effect of the laws of the United States. "The doctrine of *stare decisis* is based upon the assumption that the rules of law to which this doctrine applies have previously been determined by a court having final jurisdiction of the question involved. For this reason, where the decision of a tribunal is subject to review by one having superior authority over it, for that purpose, or the question determined may be passed upon by such tribunal in another case, the doctrine of *stare decisis* does not apply with full force until the same questions have been determined by the court of last resort. The construction of an act of Congress cannot be said to be authoritatively settled until passed upon by the highest court authorized to do so. This is the supreme court of the United States." (*Calhoun G. M. Co.* v. *Ajax G. M. Co.*, 27 Col. 11.)

The view which this court adopted upon the first appeal in this case as to the effect of the copyright laws of the United States upon the subject-matter of the agreements which are attacked as being in restraint of trade has, it seems to me, been quite distinctly rejected in a subsequent decision by the Supreme Court of the United States in a litigation to which the plaintiffs here were parties. (*Bobbs-Merrill Co.* v. *Straus,* 210 U. S. 339.) On the previous appeal in this court Chief Judge PARKER, after quoting the language used by the United States Supreme Court in *Bement* v. *Nat'l. Harrow Co.* (186 U. S. 70) to the effect that the courts would uphold any conditions not in their very nature illegal in regard to *patents,* imposed by the patentee and agreed to by the licensee, for the right to manufacture or use or sell the article, went on to say that such reasoning although employed in the case cited in respect to patent rights was "equally applicable

to copyrights." On the other hand, Mr. Justice DAY, writing for the Supreme Court of the United States in the *Bobbs-Merrill* case, expressly declares that ".there are differences between the patent and copyright statutes in the extent of the protection granted by them," and cites with approval an opinion by Circuit Judge LURTON in which he said that these differences are so wide " that the cases which relate to the one subject are not controlling as to the other." (210 U. S. on p. 246.) In the *Bobbs-Merrill* case the owner of a copyrighted book inserted below the copyright notice in each copy the following statement: " The price of this book at retail is $1.00 net. No dealer is licensed to sell it at less price and a sale at a less price will be treated as an infringement of the copyright." The question presented for decision was whether the sole right to vend given to the owner of the copyright by the Federal law was such as to " secure to the owner of the copyright the right after a sale of the book to a purchaser to restrict the future sale of the book at retail to the right to sell it at a certain price per copy because of a notice in the book that a sale at a different price will be treated as an infringement, which notice has been brought home to the one undertaking to sell for less than the named sum ? " The court answered this question in the negative, holding in substance that while the copyright laws secure to the owner of a copyright the right of multiplication and the right to vend copies, he may not qualify the title of a future purchaser by means of such a notice as has been quoted. The fair import of the decision is that the owner of a copyright obtains nothing as· such under the Federal law but the exclusive right to publish and multiply copies of the protected work and vend the same. Where he sells copies, the contracts of sale are unaffected by the copyright statutes but are subject to the same rules of law as those which apply to contracts for the sale of other personal property.

If I understand the decision in the *Bobbs-Merrill* case correctly, the fact that the agreements in question here related to copyrighted books could not operate to make

those agreements valid if they were otherwise in violation of the statutes forbidding contracts in restraint of trade. In other words, a copyright does not carry to the owner thereof any more right to enter into a contract in restraint of trade in the copyrighted book than he has to enter into a contract which will restrain trade in a book which is not copyrighted. As was said by the present chief judge of this court when a member of the Appellate Division in the second department, referring to the publication of a copyrighted book: "We suppose that the author of a new geometry may fix the price at which he will sell his work at any sum, or arrange with others for its publication and sale at the stipulated price. But if all the publishers of books on geometry were to combine and agree not to sell any publication on that subject except for a stipulated price, the contract would be in restraint of trade and void." (*Murphy* v. *Christian Press Assn. Pub. Co.*, 38 App. Div. 430.)

Although it is true that the question decided by the Supreme Court of the United States in *Bobbs-Merrill Co.* v. *Straus* (*supra*) was not the precise question presented in the case at bar, nevertheless it seems to me that what was said in the opinion therein as to the scope and effect of the copyright statutes is inconsistent, and indeed irreconcilable with the view originally taken by this court as to the effect of a copyright upon books which are the subject-matter of a contract in restraint of trade. The effect of a copyright is a Federal question. A decision by the Supreme Court of the United States upon such a question is binding upon the Court of Appeals. So far, then, as the previous decision of this court was in conflict with the construction of the copyright laws adopted by the Supreme Court of the United States it must be deemed to have been overruled.

Subject to the modification rendered necessary by the decision in the *Bobbs-Merrill* case I think we are bound to construe the agreements in controversy as we construed them upon the previous appeal. We then held that the contracts were bad so far as they related to *uncopyrighted* books.

That view remains unassailed. We held, on the other hand, that they were good so far as they related to *copyrighted* books. That view must now be deemed erroneous and must be abandoned. Those parts of the agreements which deal with copyrighted books must now be regarded as equally objectionable and subject to the condemnation of the statutes forbidding contracts in restraint of trade. In so holding, we shall be applying the doctrine of *stare decisis* as far as we can, and at the same time shall pay due regard to an adjudication which I think we ought to treat as a controlling authority.

I advise a reversal of the interlocutory judgment so far as it denies relief to the plaintiff in reference to transactions in copyrighted books under the agreements in controversy, and that the question certified be answered in the affirmative.

HAIGHT, VANN and HISCOCK, JJ., concur with GRAY, J. ; CULLEN, Ch. J., and CHASE, J., concur with WILLARD BARTLETT, J.

Order affirmed, and question certified answered in the negative.